USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/16/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
**Big Mozz, Inc.,**           )
    **Plaintiff,**          )
                               )
v.                               )   Civil Action No.  1:21-cv-3336-PGG-RWL
                               )
**Big Stick Willy's,**         )
    **Defendant.**         )
---------------------------------------------------------

### [~~PROPOSED~~] CONFIDENTIALITY STIPULATION & ORDER

    Discovery in this action is likely to involve production and disclosure of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  To protect against the improper use or disclosure of such information, the parties agree that good cause exists for the entry of this Confidentiality Stipulation & Order ("Protective Order") pursuant to the Federal Rules of Civil Procedure, Rule 26(c).  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order.

    The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal or to ignore redaction rules and/or responsibilities, and rather that Local Civil and/or ECF Rules set(s) forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Additionally, the procedures governing Redactions and Filings Under Seal set forth as an Appendix to U.S. Magistrate Judge Lehrburger's Individual Practices in Civil Cases is hereby incorporated by reference.

    Therefore, to expedite discovery, to promote prompt resolution of disputes over confidentiality of discovery materials, to protect private, commercial confidential, or other appropriate information of

the parties from disclosure or unauthorized use, and to ensure that the parties are permitted reasonably necessary use of such materials during the present litigation, pursuant to Federal Rule of Civil Procedure 26(c) **IT IS HEREBY ORDERED THAT**:

INFORMATION SUBJECT TO THIS PROTECTIVE ORDER

1. A party or nonparty (hereinafter collectively, "designating party") may designate as confidential, in whole or in part, any document, thing, oral testimony, personal knowledge, or information (collectively "material") that is confidential or that contains confidential information, which is to be disclosed or produced to a party to this action. Material that is designated at any level of confidentiality under this Protective Order is referred to herein as "designated material." Any designated material obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2. For purposes of this Protective Order, "CONFIDENTIAL," as applied to designated material, is material that constitutes or contains trade secrets or other confidential research, development, proprietary or commercial information, or other information that is not publicly known, whether embodied in physical objects, documents, or the factual knowledge of persons.

3. For purposes of this Protective Order, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," as applied to designated material, is material that constitutes or contains proprietary financial or technical or commercially sensitive competitive information that the producing party maintains as highly confidential in its business, including information obtained from a nonparty subject to a current Nondisclosure Agreement ("NDA"), information relating to past, current, and future products not yet commercially released, strategic plans or analyses, technical documents that would reveal trade secrets, non-public financial documents and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

4. Designation shall be made, where practical, by marking each page of a document, each separate part or component of a thing, each item of tangible media containing documents, or each separate item of other material in a conspicuous manner. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The marking shall state: a) "CONFIDENTIAL" or other similar legend; or b) "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or other similar legend. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designated material not reduced to documentary, tangible or physical form or which cannot be

conveniently designated as set forth above, shall be designated by the producing party by informing the receiving party of the designation in writing.

5. In lieu of marking the original of a document or other material prior to inspection, the designating party or its counsel may orally designate any document or other material being produced for inspection thereby making it, and the information it contains, subject to the protections provided by this Protective Order. However, each copy of such material subsequently delivered to inspecting counsel must be marked as required by this Protective Order at the time it is so delivered in order to make the document and copies subject to this Protective Order, provided, however, that the parties may agree on a case-by-case basis that documents produced may be orally designated. Furthermore, as is further explained in Paragraph 29, inadvertent production of documents without the proper designation shall not be deemed a waiver of confidentiality with regard to that material or waiver of confidentiality of similar information, and after notification of the inadvertent improper designation or failure to designate the receiving party shall thereafter treat the information in accordance with the proper level of designation.

6. If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding designated material, then only persons designated under this Protective Order to have access to the proper level of designated material, as appropriate, the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer are allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any designated material to any person to whom disclosure is prohibited under this Protective Order.

7. For designated material presented in a deposition, the designating party shall request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript, or it may have five (5) calendar days after either receipt of the deposition transcript, if ordered at the deposition, or receipt of the notice announcing the transcript's Case availability, whichever is applicable, within which to inform all parties, in writing, that portions of the transcript are designated. No such deposition transcript shall be disclosed to any person other than persons designated under this Protective Order to have access to the proper level of designated material, as appropriate, and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these five (5) calendar days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those allowed access under this Protective

Order during said five (5) calendar days. Upon being informed that certain portions of a deposition are designated, each party shall cause each copy of the transcript in its possession, custody or control to be marked in accordance with Paragraph 4 of this Protective Order, to the extent not already marked by the reporter. Any deposition transcript, or portions of a deposition transcript designated under this paragraph, shall be subject to all other paragraphs in this Protective Order affecting material so designated.

## NO WAIVER OF PRIVILEGE

8. Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work-product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

9. If material subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced material subject to a claim of immunity or privilege, then promptly following that party's written request identifying the material for which a claim of inadvertent production is made, that material shall be returned and all copies or reproductions of that material that may have been made shall be destroyed. The party returning such information may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

## DISCOVERY RULES REMAIN UNCHANGED

10. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court in which this action is proceeding, and the Individual Rules of Practice of the presiding/assigned United States District Court Judge and/or Magistrate Judge.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION

11. Designated material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the

recipient to anyone other than those persons authorized to receive such material pursuant to this Order, unless and until the restrictions herein are removed by order of the Court or by written stipulation of the parties. Designated material may be subject to further conditions and restrictions below.

12. Access to material designated CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum, copy, or other paper that contains or reveals material so designated, shall be limited to:

(a) Officers, directors and/or other employees of the parties to this action to the extent necessary to assist outside counsel in preparation of this case or evaluate the merits of the case and assess settlement options;

(b) The parties' outside counsel of record and other outside counsel working on this matter (such other outside counsel must comply with Paragraph 15 below) and their respective supporting employees (including technical advisors, legal secretaries, paralegals, legal translators, and legal clerks) actually assisting such counsel in preparation of this case, except to the extent that any of these attorneys or employees are involved in the management or day-to-day business of the respective party;

(c) Outside Consultants—meaning any outside persons (who are not officers, directors, employees, in-house counsel or otherwise involved in the management or day-to-day business of the respective party) and their clerical, engineering, technical, accounting, or financial support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof—who become qualified to receive material designated under this Protective Order in accordance with the procedure identified in Paragraph 15 below, provided

(i) that such clerical, engineering, technical, accounting, or financial support personnel have access to designated material only to the extent necessary to perform their duties; and

(ii) that such Outside Consultants agree that any clerical, engineering, technical, accounting, or financial support personnel working under the supervision of the Outside Consultants shall not be permitted to make any use or disclosure of designated materials which the Outside Consultants could not themselves make;

(d) Court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions only to the extent necessary to perform their duties;

(e) Independent service bureaus that are engaged by counsel of record to perform clerical-type or exhibit-preparation services in connection with this litigation, e.g., photocopying, imaging, computer data entry, and the like, and that are under an obligation to maintain such material in confidence;

(f) The Court;

(g) Court personnel involved with this case;

(h) Members of the jury in this case; and

(i) Any person to whom the designating party agrees in writing.

13. Documents, testimony, information and other things designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or other similar legend may be disclosed only to the persons identified in subsections (b) through (i) of Paragraph 12 of this Protective Order.

14. Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be disclosed to mock jurors engaged by any consultant in preparation for trial, provided that no such persons are officers, directors or employees of any of the parties to this action, that any such persons shall first sign an Undertaking, as set forth in Exhibit A below, prior to disclosure of any designated material, and such Undertakings shall be retained under the control of counsel until final termination of this action. A log of all designated materials disclosed to such mock jurors shall be retained under the control of counsel until final termination of this action. Upon final termination of this action, any person or entity who has designated or produced such disclosed information may request copies of any such Undertakings executed by mock jurors to whom such material has been disclosed and copies of the logs of the designated materials disclosed to the mock jurors. Upon receiving such a request, counsel shall provide copies of the Undertakings and logs of the designated materials disclosed to the mock jurors.

15. Outside Consultants, or other outside counsel (as described in Paragraph 12) may become qualified to receive material designated under the Protective Order in accordance with the following procedure:

(a) Counsel for any party proposing any such person shall submit to outside counsel of record for the other party (and also to third parties in the event the nonparty expert, consultant or other outside counsel will have access to designated material produced by such third parties under this Protective Order) a copy of an Undertaking, as set forth in Exhibit A below, signed by such person and that person's current resume or curriculum vitae that lists the person's business address, business title, profession, previous or current relationship with any party, and a listing of other cases in which the expert or consultant has testified. The original of each such Undertaking shall be maintained by counsel proposing the expert. If a particular nonparty expert or consultant has a concern signing an Undertaking because of the limitations imposed in such, the parties agree to meet and confer to discuss less restrictive requirements that can be placed on the specific nonparty expert under the circumstances;

(b) Unless any other counsel shall notify proposing counsel of its objection to any such proposed person, and the basis therefore, within seven (7) calendar days after the receipt of a copy of the Undertaking and resume or curriculum vitae referred to in subparagraph (a) above, such person shall thereafter be deemed a qualified recipient and entitled to receive CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material pursuant to the terms and conditions of this Protective Order.

(c) Should any counsel timely notify proposing counsel of its objection to any such proposed person and of the basis for its objection in accordance with subparagraph (b) above, he or she shall meet and confer with proposing counsel and if unable to resolve the objection(s), may file a motion within ten (10) calendar days after receipt of a copy of the Undertaking and resume or curriculum vitae referred to in subparagraph (a) above, seeking to preclude the proposed access. Proposing counsel shall not disclose material designated under this Protective Order to such proposed person before the expiration of the time for objection or before the resolution of any such objection. There shall be a reasonable basis for such objection.

CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

16. The parties will use reasonable care when designating materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. Nothing in this Protective Order shall prevent a receiving party from contending that any or all materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY have been improperly designated. A receiving party

may at any time request that the producing party cancel or modify the confidentiality designation with respect to any materials.

17. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY designation.

LIMITATIONS ON THE USE OF DESIGNATED MATERIALS

18. Each recipient of designated materials shall maintain such material in confidence in a secure, safe area so as to preclude access by persons who are not entitled to receive such materials and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material, but not less than the standard of care required to comply with this Protective Order.

19. Except upon consent of the designating party or upon order of the Court, any and all designated materials produced, served or otherwise made available during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for the purpose of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such materials.

20. Nothing in this Protective Order shall prevent any court reporter, video-graphic reporter, mediator, or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Protective Order shall impact one way or another on the admissibility of any document or other evidence at any hearing or at trial.

21. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning any designated material of which such person has prior knowledge or legitimate access prior to this litigation. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, and/or employee of a designating party may be examined and may testify concerning all designated material which has been produced by that party and shall be subject to the restrictions found in subparagraph 21(d)(ii);

(b) A former director, officer, agent and/or employee of a designating party may be deposed and may testify concerning any designated material of which he or she has prior knowledge, including any designated material that refers to matters of which the witness has personal knowledge or legitimate access prior to this litigation, which has been produced by that party and which pertains to the period or periods of his or her employment and shall be subject to the restrictions found in sub-paragraphs 21(d)(i) and (ii); and

(c) Non-parties may be deposed or testify concerning any document containing designated material of a designating party of which the non-party had knowledge or legitimate access to prior to this litigation and shall be subject to the restrictions found in sub-paragraphs 21(d)(i) and (ii). Any person other than the non-party witness, his or her attorney(s), and any person qualified under this Protective Order to receive the designated material in question shall be excluded from the portion of the examination concerning such information, unless the designating party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Protective Order to receive such material, then prior to the examination, the attorney shall be requested to provide an Undertaking, as set forth in Exhibit A below, that he or she will comply with the terms of this Protective Order and maintain the confidentiality of designated material disclosed during the course of the examination.

(d) The following restrictions shall apply to use of copies of a document a party has designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material at a deposition, but does not affect the use of other copies of the document properly obtained by those with access to such documents prior to the deposition:

> (i) A witness who previously had access to a document designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material, but who is not under a present non-disclosure agreement with the designating party that covers that document, may be shown the document if a copy of this protective order is attached to any subpoena or notice or request served on the witness for the deposition; and the

witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the parties to keep confidential any questions, testimony or documents that are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY; and

(ii) With the exception of the witness' copy, which will be subject to all the protections of this Protective Order, witnesses are not entitled to copy, take notes on, or retain copies of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material used or reviewed at the deposition to the extent not otherwise allowed by this Protective Order. The witness may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY. The designating party of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material used at the deposition may also require that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of the order) who will store the sole authorized copy the witness is entitled to retain. To the extent the witness makes notes regarding such transcript or exhibits, all such notes shall only be made at the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in this case and under the supervision of one of the lawyers who is bound by the terms of the order) and such notes shall be stored and remain at such office as well.

22. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY which contain material so designated, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL [OR HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY] UNDER PROTECTIVE ORDER OF [DATE]" and a statement substantially in the following form: This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

23. A party filing pleadings under seal shall be required to confirm the confidentiality designations for any given portion of such filing such that a non-filing party's counsel can properly redact the designated portions before providing permitted access to such redacted filing.

24. The parties agree to meet and confer regarding whether (a) any procedures should be implemented before any hearing, and at the pre-trial conference concerning the handling of designated material, and (b) to request that the Court enter an order governing the handling of any information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" during such hearing or at trial as part of its pre-trial order. Such conditions and safeguards at the Court's discretion may include, but are not limited to, in camera proceedings in chambers or proceedings where the courtroom is closed to the general public. Nothing herein shall operate as a waiver or relinquishment of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designation, should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.

25. Nothing in this Protective Order shall prohibit the transmission or communication of CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY between or among qualified recipients: (a) by e-mail; (b) by hand-delivery; (c) in sealed envelopes or containers via the mails or an established freight, delivery or messenger service; or (d) by telephone, telegraph, facsimile or other electronic transmission system; where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

STORING OR VIEWING CONFIDENTIAL DOCUMENTS

26. "CONFIDENTIAL" information may be stored or viewed only at: (a) the business locations and private residences of outside counsel of record; (b) the business locations and private residences of an Outside Consultant approved in accordance with this Protective Order; (c) the site where any deposition relating to the information is taken; (d) the Court; (e) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition); (f) locations for conducting any focus group or mock trial, provided appropriate measures are taken to limit access to such materials only to those approved under this Protective Order; or (g) the private business offices of officers, directors, or employees of a party who are allowed to have access to "CONFIDENTIAL" information under this Order. Copies of "CONFIDENTIAL" information may be made only to the extent reasonably necessary to prepare work product or conduct proceedings in this litigation.

27. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" designated information may be stored or viewed only at: (a) the business locations and private residences of outside counsel of record; (b) the business locations and private residences of an Outside Consultant approved in accordance with this Protective Order; (c) the site where any deposition relating to the information is taken; (d) the Court; or (e) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition). Copies of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information may be made only to the extent reasonably necessary to prepare work product or conduct proceedings in this litigation.

## DISCOVERY FROM EXPERTS

28. Testifying experts shall not be subject to discovery on any draft of his or her report in this case and such draft reports, notes or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery subject to the following limitations:

(a) Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.

(b) No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(c) Materials, communications and other information exempt from discovery under the foregoing paragraphs shall be treated as attorney-work product for the purposes of this litigation and protective order.

## INADVERTENT PRODUCTION AND IMPROPER DISCLOSURE

29. Inadvertent production of confidential material without proper designation shall not be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, nor shall it be

deemed a waiver of confidentiality with regard to similar information. A party who discovers such inadvertent production shall promptly inform all receiving parties in writing. Receiving parties shall thereafter treat the information in accordance with the proper level of designation.

30. If any designated material is disclosed to any person contrary to the terms of this Protective Order or other than in the manner authorized by this Protective Order, outside counsel and the party learning of the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

## NON-PARTY USE OF THIS PROTECTIVE ORDER

31. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

32. A nonparty's use of this Protective Order to protect its CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material does not entitle that nonparty access to CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material produced by any party in this case.

33. Where a subpoena, deposition question, or discovery request, such as a party interrogatory or document request under Federal Rule of Civil Procedure 33 or 34, calls for otherwise discoverable information that is held by a party or non-party to whom it is directed under obligations of confidentiality owed to another, and the party or nonparty to whom the subpoena, deposition question, or discovery request is directed refuses to provide such documents or information on that ground, the following procedures shall apply. If the discovery request is directed to a party, that party:

> (a) Shall promptly, and no later than five (5) calendar days after expiration of the obligation to provide such otherwise discoverable information, identify to the party seeking the documents or information the name and address of each person or entity whose confidentiality interests are implicated by the discovery request;

(b) Shall promptly provide to each such person or entity whose confidentiality interests are implicated: (i) Notice of its intention to disclose documents or information held under obligations of confidentiality; and (ii) A copy of this Protective Order; and

(c) The party from whom such discovery is sought shall within ten (10) calendar days after expiration of the obligation to provide such otherwise discoverable information either (i) disclose in compliance with this Protective Order any responsive documents or information held under obligations of confidentiality to such person, or (ii) move for or obtain a protective order in this Court within that time. In the event the party moves for a protective order, the documents or information may be withheld from production until the motion is decided.

34. In the case of a discovery request, subpoena, or deposition question directed to a nonparty who timely objects to disclosure of such documents or information on the grounds that it implicates a confidentiality obligation owed to another, such discovery shall not be had unless and until the party propounding such request shall obtain an order compelling disclosure of such documents or information from this Court, or in the case of third parties not subject to this Court's in personam jurisdiction, from a court of competent jurisdiction.

## CONCLUSION OF LITIGATION

35. Absent a court order or written permission of the disclosing and designating party or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

36. Upon written request by the disclosing or designating party or parties after the conclusion of this litigation and all appeals therefrom, and absent a court order to the contrary (a) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (b) anything (including without limitation exhibits and attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall be returned to the producing party or destroyed. Each party or entity (including without limitation, court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel for

the producing party that it returned or destroyed, at its option, every such document and thing, and all copies, summaries and abstracts thereof, in its possession, custody or control.

37. Notwithstanding Paragraph 36 above, each firm having counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the Court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates or employees.

## MISCELLANEOUS

38. The parties agree that where a document production request seeks production of an attorney-client privileged communication between a party and its litigation counsel that was communicated on or after the date this action was filed, the party responding to the request need not list such documents on its privilege log.

39. Nothing in this Protective Order shall be construed to prevent a designating party from seeking such further provisions regarding confidentiality as may be appropriate, prior to disclosure, through negotiations with counsel or, if such negotiations are not successful, by motion to the Court.

40. Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

41. Nothing in this Protective Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY pursuant to this Protective Order, so long as no portion of the content of the information so designated is disclosed.

42. Nothing in this Protective Order precludes any party or producing entity from seeking a further Protective Order for any particularly sensitive information as to which such party or producing entity believes this Protective Order insufficiently protects. Nothing in this Protective Order precludes any party or producing entity from seeking relief as to this Protective Order or portions thereof for good

cause shown. All parties are subject to the continuing jurisdiction of this Court to modify and interpret this Protective Order.

43. If a third party, another court or an administrative agency, subpoenas or orders production of documents or information designated for protection under this Protective Order which a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document of the pendency of such subpoena or order.

44. The United States District Court in which this action was filed is responsible for the interpretation and enforcement of this Protective Order, and all disputes concerning CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material produced under the protection of this Protective Order shall be resolved by this Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

| | |
|---|---|
| _____/s/ John J. Skinner, Jr._____ | _____/s/ Gerry Grunsfeld_____ |
| John J. Skinner, Jr. | Gerry Grunsfeld |
| LAW OFFICES OF JOHN J. SKINNER, JR. | LAZAR GRUNSFELD ELNADAV LLP |
| 1740 Broadway, 15th Floor | 1795 Coney Island Avenue |
| New York, N.Y. 10019 | Brooklyn, N.Y. 11230 |
| Telephone: 917.674.2612 | Telephone: (718)947-7476 |
| jskinner@jskinnerlaw.com | gerry@lgelaw.com |
| *Attorney(s) for Plaintiff Big Mozz, Inc.* | *Attorney(s) for Defendant Big Stick Willy's* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  August 16 , **2021**

_____
**ROBERT W. LEHRBURGER**
**UNITED STATES MAGISTRATE JUDGE**

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**Big Mozz, Inc.,**      )
    **Plaintiff,**      )
                         )
v.                       )      Civil Action No.  _1:21-cv-3336-PGG-RWL_
                         )
**Big Stick Willy's,**   )
    **Defendant.**      )

---

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION & ORDER**

I, _____, declare and say that:

1. I am employed as a/an _____ by _____.

2. I have read the Confidentiality Stipulation & Order ("Protective Order') entered in the above-captioned civil action and have received a copy of the Protective Order.

3. I promise that I will use any and all information designated "CONFIDENTIAL INFORMATION," as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss information designated "CONFIDENTIAL INFORMATION" with anyone other than the persons authorized under Paragraph 12 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court in which the above-captioned civil action is proceeding with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of information designated "CONFIDENTIAL INFORMATION" in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____, 2021

                                                                                      _____